UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AMANDA DESHEA WYNN,<br><br>      *Plaintiff*,<br>vs.<br><br>TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY and JOHN DOE 1, Trooper, Tennessee Highway Patrol, in his official and individual capacity; and HAMILTON COUNTY, TN, and EMPLOYEES and JOHN DOES 2-7 and JANE DOES 1-3 and OTHER PERSONNEL AS YET UNIDENTIFIED in their official and individual capacities, CITY OF CHATTANOOGA and OTHER PERSONNEL AS YET UNIDENTIFIED in their official and individual capacities, and CORECIVIC of TENNESEE, LLC.<br><br>      *Defendants*. | Civil Action File No.: 1:21-cv-00008 |

## COMPLAINT

COMES NOW Amanda Deshea Wynn, Plaintiff in the above-styled cause and files this claim against the above-named Defendants Hamilton County, TN, Tennessee Department of Safety and Homeland Security, City of Chattanooga, John Does 1 through 7, Jane Does 1 through 3, and Employees and other personnel as yet unidentified, and CoreCivic of Tennessee, LLC.

I. Nature of the Action

1. This is a civil rights action in which Plaintiff seeks relief for the violations of her rights under 42 U.S.C. § 1983, § 1988, and the Fourth and Fourteen Amendment to the Constitution of the United States of America.

1.

2. This claim arises from a January 17, 2020 incident in which Officers of the Hamilton County Sheriff's Office, City of Chattanooga, and Tennessee Department of Safety and Homeland Security used excessive force to obtain a blood sample from the Plaintiff following a DUI arrest in which the Plaintiff was not driving the car she occupied, and the vehicle was parked on the side of a street for an extended period of time.

3. Ten unidentified white officers deprived Plaintiff, an African American, of her constitutional rights when excessive force was used to restrain her resulting in a concussion, a cervical strain, bruising, and removal of her hair.

4. During this senseless use of excessive force under color of state law, an officer racially branded the Plaintiff when calling her a "nigger."

5. The officers subsequently left the Plaintiff alone and naked in a holding cell with the shower water running during which time the Plaintiff was naked and visible through a window to any person walking past the cell.

## II. Jurisdiction, Venue, and Notice

6. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

7. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiffs claims of violation of civil rights under 42 U.S.C. § 1983. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claim occurred within this district and within one (1) year of the filing of this Complaint and this Court otherwise has

jurisdiction. This Court also has jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. § 1367 as there is a common nucleus of operative facts between the state and federal claims.

8. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

9. This case is instituted in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. §§1331 and 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### III. Parties

10. The Plaintiff, Amanda Deshea Wynn, is a citizen and resident of the United States, domiciled in Hamilton County, Tennessee.

11. Defendant Tennessee Department of Safety and Homeland Security is a political subdivision of the State of Tennessee with a principal location at 1148 Foster Avenue, Nashville, Davidson County, Tennessee 37243. Defendant is and at all times relevant has been responsible for the training and supervision of Defendant John Doe 1 insofar as he is a member of the Tennessee Highway Patrol. The Tennessee Department of Safety and Homeland Security has established and implemented policies, practices, procedures, and customs used by law enforcement officers employed by the Department regarding arrests and the use of force. At all times relevant, the Department and its trooper were acting under the color of state law.

12. Defendant John Doe-1 is a citizen and resident of Tennessee and was, at all times material to the allegations in this Complaint, acting in his capacity as a trooper of the Tennessee Highway Patrol and was acting under color of state law. He is sued in both his official capacity and in his individual capacity.

13. Defendant Tennessee Department of Safety and Homeland Security had the responsibility to establish, institute and implement adequate policies and procedures regarding its enforcement officers' use of force when detaining citizens or making an arrest.

14. Defendant Tennessee Department of Safety and Homeland Security had the responsibility to train its officers in the correct use of force procedures to be used when detaining citizens or implementing a warrant.

15. Each and all of the acts of the Defendants and other members of the Tennessee Department of Safety and Homeland Security involved in this incident were performed under the color and pretense of the constitutions, statues, ordinances, regulations, customs and usages of the United State of America and the State of Tennessee, under the color of law and by virtue of their authority as law enforcement officers for the State of Tennessee and in the course and scope of their employment with the State of Tennessee, the Tennessee Highway Patrol, and the Tennessee Department of Safety and Homeland Security.

16. Defendant, Hamilton County is a political subdivision of the State of Tennessee and is subject to the jurisdiction of this court.

17. Defendant Hamilton County, Tennessee is and at all times relevant has been responsible for the training and supervision of Defendant John Doe 2-7 insofar as

4.

they are an employee or agent of the Hamilton County Sheriff's Department. The Hamilton County Sheriff's Department has established and implemented policies, practices, procedures, and customs used by law enforcement officers employed by the Department regarding arrests and the use of force. At all times relevant, the Department and its agents were acting under the color of state law.

18. Upon information and belief, Defendants, John Doe 2-7 are citizens and resident of Tennessee and were, at all times material to the allegations in this Complaint, acting in their capacity as a employees or agents of the Hamilton County Sheriff's Office or the City of Chattanooga and were acting under color of state law. They are sued in both their official capacity and in their individual capacity.

19. Upon information and belief, Defendants, Jane Doe 1-3 are citizens and resident of Tennessee and were, at all times material to the allegations in this Complaint, acting in their capacity as a employees or agents of the Hamilton County Sheriff's Office or the City of Chattanooga and were acting under color of state law. They are sued in both their official capacity and in their individual capacity.

20. Defendant Hamilton County, Tennessee had the responsibility to establish, institute and implement adequate policies and procedures regarding its enforcement officers' use of force when detaining citizens or implementing a warrant upon citizens.

21. Defendant Hamilton County, Tennessee had the responsibility to train its officers in the correct use of force procedures to be used when detaining citizens or implementing a warrant.

22. Defendant, City of Chattanooga is a political subdivision of the State of Tennessee and is subject to the jurisdiction of this court.

23. Defendant City of Chattanooga is and at all times relevant has been responsible for the training and supervision of Defendant John Doe 2-7 insofar as they are an employee or agent of the Hamilton County Sheriff's Department. The Hamilton County Sheriff's Department has established and implemented policies, practices, procedures, and customs used by law enforcement officers employed by the Department regarding arrests and the use of force. At all times relevant, the Department and its agents were acting under the color of state law.

24. Defendant City of Chattanooga had the responsibility to establish, institute and implement adequate policies and procedures regarding its enforcement officers' use of force when detaining citizens or implementing a warrant upon citizens.

25. Defendant City of Chattanooga had the responsibility to train its officers in the correct use of force procedures to be used when detaining citizens or implementing a warrant.

26. Each and all of the acts of the Defendants involved in this incident were performed under the color and pretense of the constitutions, statues, ordinances, regulations, customs and usages of the United State of America and the State of Tennessee, under the color of law and by virtue of their authority as law enforcement officers for the State of Tennessee and in the course and scope of their employment with the State of Tennessee, the Tennessee Highway Patrol, and the Tennessee Department of Safety and Homeland Security.

27. Defendant, City of Chattanooga is a political subdivision of the State of Tennessee and is subject to the jurisdiction of this court.

28. Defendant CoreCivic of Tennessee, LLC ("CoreCivic") operated Silverdale Detention Center during the time Plaintiff was an inmate at Silverdale Detention Center.

29. CoreCivic failed to adequately treat Ms. Wynn during her confinement resulting in her passing out of consciousness and requiring emergency transportation to Parkridge.

IV. Statement of Facts

30. On January 17, 2020, Plaintiff was sleeping in a vehicle belonging to a friend while waiting on her friend.

31. Upon information and belief, a call was placed to authorities stating that a suspicious vehicle was parked on the side of the street.

32. Officers with the City of Chattanooga investigated, and such investigation resulted in the Plaintiff's arrest on sundry charges and DUI.

33. Plaintiffs was taken to Booking at the Hamilton County Jail.

34. Upon information and belief, a warrant was obtained to take the Plaintiff's blood.

35. At 6:29 a.m. EDT, the Plaintiff was approached by deputies and stated their intent to draw blood.

36. Plaintiff responded that she was scared of needles and rejected her agreement to submit to chemical testing of her blood,

37. Plaintiff backed from three female representatives of the HCSO or City of Chattanooga as they approached.

38. In response, an unknown officer brought in an immobilization chair.

39. When Plaintiff failed to voluntary sit in chair, three (3) female officers grabbed Plaintiff in an attempt to force her into the chair.

40. When Jane Doe Officers were unable to physical restrain the Plaintiff in the chair, a male agent of Hamilton County, Tennessee and or City of Chattanooga grabbed the Plaintiff by her hair and yanked PLFs head back in an attempt to control Plaintiffs

41. Then six (6) additional jailers and deputies joined in to physically restrain the Plaintiff

42. An unknown Male Tennessee Highway patrol Officer joined in the attempt to restrain the Plaintiff

43. In total, ten (10) law enforcement officers were participating in attempting to restrain the Plaintiff, an approximately One Hundred and Forty (140) pound, 5'2", African America female.

44. During the altercation, Plaintiff was dropped on the floor, head first.

45. Plaintiffs wig was forcibly removed from her head.

46. Plaintiff's hair was removed from the root.

47. Racial epithets were hurled at her on more than one occasion during the incident in question.

48. Upon information and belief, Plaintiff was subsequently placed in a shower cell naked and exposed to all person's who passed by the cell.

49. After a period of time, a sympathetic agent of Hamilton County covered the opening to the cell with paper to protect the Defendant's shame.

50. Clothing was eventually provided to the Plaintiff.

51. Plaintiff was subsequently transferred to Silverdale Detention Center.

52. After complaining of sever pain in her head and neck, a nurse provided Plaintiff with OTC pain medication.

53. Plaintiff was left until for her injuries until January 24, 2020.

54. On January 24, 2020 inmates started a small riot to get jailer's attention ,because Plaintiff had difficulty breather and passed out

55. As a result of her condition, Plaintiff was released and transferred to Parkridge Medical by ambulance

56. She was subsequently diagnosed with a brain injury, cervical sprain, and numerous bruises and soft tissue injury.

57. On or about January 29, 2020, Plaintiff made a request for medical records from Silverdale Detention Center in accordance with the HITECH Act to which no response was made by Silverdale Detention Center.

V. Causes of Action:

Count One:

42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981

58. Plaintiff reasserts and incorporates Paragraphs 1-55 as if fully stated herein.

59. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or

immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

60. Plaintiff in this action is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

61. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees or agents of Tennessee Department of Safety and Homeland Security, Hamilton County, Tennessee or City of Chattanooga and their acts or omissions were conducted within the scope of their official duties or employment.

62. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

63. Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part: (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

64. Plaintiff, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

65. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

66. Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

67. A Defendant or Defendants racial branded the Plaintiff when he/they called her a "nigger" while using excessive force to obtain a blood sample.

68. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Wynn's federally protected rights.

69. The acts or omissions of all/some individual Defendants were moving forces behind Plaintiff's injuries.

70. These individual Defendants acted in concert and joint action with each other.

71. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

72. Defendants are not entitled to qualified immunity for the complained of conduct.

73. The Defendants to this claim at all times relevant hereto were acting pursuant to state/municipal/county/city custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

74. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

75. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

76. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

77. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

Count Two:

42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments

78. Plaintiff reasserts and incorporates Paragraphs 1-55 as if fully stated herein.

79. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other

12.

person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

80. Plaintiff in this action is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

81. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as agents or employees of Tennessee Department of Safety and Homeland Security, Hamilton County, Tennessee and/or the City of Chattanooga and their acts or omissions were conducted within the scope of their official duties or employment. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

82. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

83. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

84. Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

85. Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Ms. Wynn's

13.

federally protected rights. The force used by these Defendant officers/jailers/patrolmen shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

86. Defendants unlawfully seized Ms. Wynn by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Ms. Wynn of her freedom.

87. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

88. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later involved officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

89. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Wynn's federally protected constitutional rights.

90. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical injuries.

91. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

92. These individual Defendants acted in concert and joint action with each other.

93. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

94. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

95. The Defendants to this claim at all times relevant hereto were acting pursuant to state/municipal/county/city custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

96. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

97. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

98. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## Count Three:

Infliction of Cruel and Unusual Punishment by Deliberate Indifference to the Medical Needs of the Plaintiff Resulting in Additional Harm in Violation of Ms. Wynn's Rights under the Fourteenth Amendment to the Constitution

99. Plaintiff reasserts and incorporates Paragraphs 1-55 as if fully stated herein.

100. CoreCivic through its facility, Silverdale Detention Center, had a duty to treat the Plaintiff while in their custody and care.

101. CoreCivic breached its duty when they failed to treat Ms. Wynn for her underlying condition.

102. As a result of the breach of care, Ms. Wynn's condition advanced to the point she was in and out of consciousness and required emergency medical transport to a hospital.

103. CoreCivic's failure to treat Ms. Wynn was done with deliberate indifference to the Plaintiff's medical condition.

### Count Four:

Negligent Hiring, training, management, supervision and retention by the Hamilton County Sheriff's Department.

104. Plaintiff reasserts and incorporates Paragraphs 1-55 as if fully stated herein.

105. Upon information and belief, Hamilton County, Tennessee is the successor in interest to Core Civic, the private company who operated Silverdale Detention Center during the time in question.

16.

106. Hamilton County, Tennessee through the Hamilton County Sheriff's Department is currently in control of Silverdale Corrections Center.

107. Core Civic operated Silverdale Detention Center pursuant to a contract with Hamilton County, Tennessee or a department thereof.

108. The Hamilton County Sheriff's Department employs the officers and nurses who work in the intake department, medical facility, in the holding area of the jail.

109. The Hamilton County Sheriff's Department failed to treat the Plaintiff for the injuries she sustained during the acts which are complained of herein.

110. The officers and nurses in charge of booking Ms. Wynn on January 17, 2020 were employed, trained, managed, supervised and retained by the Hamilton County Sheriff's Department.

111. The care provided during Ms. Wynn's stay at Silverdale Detention Center from the date of arrest until January 24, 2020 was the responsibility of Hamilton County, Tennessee.

112. The callous and deliberate indifference to Ms. Wynn's medical condition resulted in Mr. Wynn's intense suffering for days prior to treatment for the underlying condition caused by the Defendant's actions. This deliberate indifference was a result of failure to properly train, supervise, hire, manage and retain individuals competent to either provide medical assistance or to request medical assistance when an inmate becomes seriously ill.

113. The lack of proper hiring, training retention and supervision of said employees by Hamilton County, Tennessee was the proximate cause of the horrible

17.

Case 1:21-cv-00008-TRM-SKL   Document 1   Filed 01/15/21   Page 17 of 18   PageID #: 17

suffering endured by Ms. Wynn and the proximate cause of her continued pain and suffering.

WHEREFORE, Ms. Wynn prays that this court will convene a jury of her peers to try the causes joined and will award her all damages, fees, costs, and legal expenses and such other further relief as this court shall deem appropriate.

Submitted By,

Thomas & Thomas

/s/ *Michael M Thomas*
W. Neil Thomas, III (BPR# 4536)
Michael M. Thomas (BPR# 29423)
One Park Place
6148 Lee Hwy, Ste. 115
Chattanooga, Tennessee
37421